WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Selective Insurance Company of South Carolina,<br><br>    Plaintiff,<br><br>v.<br><br>Louis Schwarz, et al.,<br><br>    Defendants. | No. CV-24-03618-PHX-SHD<br><br>**ORDER** |

  Plaintiff Selective Insurance Company of South Carolina initiated this action on December 18, 2024, and served the Complaint upon Defendant Louis Schwarz on March 17, 2025, (Doc. 10). Defendant Schwarz did not respond to Plaintiff's Complaint. Pursuant to Federal Rules of Civil Procedure 55(a), on May 22, 2025, the Clerk's Office entered default against Defendant Schwarz, (Doc. 14). Plaintiff filed a Motion for Entry of Default Judgment Against Defendant Louis Schwarz on June 3, 2025. (Doc. 16.) Defendant Schwarz has not filed a response to Plaintiff's Motion and the time to do so has passed. For the reasons set forth below, the Court finds default judgment appropriate.

**I. Background**

  Defendant Gina Vasquez filed a lawsuit captioned *Gina Vasquez v. Louis Schwarz*, Case No. CV2024-033167, in Maricopa County Superior Court (the "Underlying Lawsuit"). Defendant Vasquez alleges in the Underlying Lawsuit that on the evening of January 6, 2024, she and Defendant Schwarz left a charity event held at the American Legion Pat Tillman Post #117 (the "Post") on a motorcycle driven by Defendant Schwarz.

While at the charity event, Defendant Vasquez alleges that Defendant Schwarz had consumed excessive alcohol. (Doc. 16 at 16.) At approximately 6:57 p.m., Defendant Schwarz lost control of the motorcycle navigating a curve while travelling westbound on East Rose Garden Lane in Phoenix. Defendant Vasquez was ejected from the motorcycle and sustained injuries. Defendant Vasquez is seeking general damages, special damages, punitive damages, and costs for her claims of negligence, negligence per se, and punitive damages against Defendant Schwarz as well as the Post.

Plaintiff issued a Personal Auto Insurance Policy (No. F5345394) to Defendant Schwarz for a policy period of August 29, 2023, to August 29, 2024, ("Policy"), providing liability coverage and establishing limitations. (Doc. 1-2.) Defendant Schwarz's motorcycle was not listed in the Policy's Declarations on the date of the accident and thus excluded from coverage per the Policy. Plaintiff asserts, on information and belief, that the motorcycle was separately insured under a policy issued by Foremost Insurance Company. (Doc. 16 at 3.) Defendant Schwarz was advised by Plaintiff that the Policy did not provide coverage of claims from the January 6, 2024 accident due to the operation of an excluded vehicle. Plaintiff received a demand letter from Defendant Vazquez's counsel representing her in the Underlying Lawsuit on December 11, 2024. Plaintiff advised Defendant Schwarz that the Policy did not provide coverage for the claims against him, but that Plaintiff would defend him in the Underlying Lawsuit subject to a reservation of rights. (Doc. 1-4.) Plaintiff now asks the Court to enter judgment against Defendant Schwarz and declare that no coverage or benefits are afforded to him for defense and indemnity of the Underlying Lawsuit.

## II.     Default Judgment

The Court may enter default judgment pursuant to Rule 55(b) upon the entry of default by the Clerk of Court. The Court has the discretion to enter default judgment. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1098 (9th Cir. 1980) ("The district court's decision whether to enter a default judgment is a discretionary one."). The Court shall consider the following factors in deciding whether default judgment is warranted: (1) the possibility of

prejudice to the plaintiff, (2) the merits of the claim, (3) the sufficiency of the Complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits.  *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  Based upon the analysis below, the Court finds that the *Eitel* factors favor default judgment against Defendant Schwarz.

### A. Possibility of Prejudice to Plaintiff

The first *Eitel* factor weighs in favor of default judgment.  Defendant Schwarz failed to respond to the Complaint or otherwise appear in this action despite being served with both the Complaint and a copy of the Motion for Default Judgment.  The Court is satisfied that if Plaintiff's motion is not granted, Plaintiff will likely be without other recourse.  *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F Supp. 2d 1172, 1177 (C.D. Cal. 2002).  This prejudice to Plaintiff supports the entry of default judgment.

### B. Merits of the Claim and Sufficiency of the Complaint

The second and third *Eitel* factors favor default judgment.  Plaintiff seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, which provides that in a case of actual controversy within its jurisdiction, the Court "may declare the rights and other legal relations of any interested party seeking such declaration."  Actual controversy exists between Plaintiff and Defendant Schwarz as to whether the Policy covers the claims alleged in the Underlying Lawsuit.  The merits upon which Plaintiff bases its request for declaratory judgment are not reasonably disputed.  Defendant Schwarz was operating a motorcycle at the time of the accident that is the subject of the Underlying Lawsuit, the motorcycle was not listed in the declarations as an insured vehicle, and the Policy excludes coverage for both a vehicle not listed in the declarations and for bodily injuries resulting from the use of a vehicle with fewer than four wheels. (Doc. 1-2 at 8.)  Plaintiff has established that the Policy does not allow for coverage of damages alleged from the January 6, 2024 motorcycle accident.  Plaintiff's claim for declaratory relief is meritorious and sufficient; therefore, the second and third *Eitel* factors favor default judgment.

### C. Amount of Money at Stake

In considering the fourth *Eitel* factor, the Court weighs the amount of money at stake in relation to the seriousness of Defendant's conduct. *PepsiCo*, 238 F. Supp. 2d at 1176. Plaintiff's claim is for declaratory relief rather than for money damages. Plaintiff has no obligation to Vazquez for damages caused by the accident, nor to defend or indemnify Defendant Schwarz in the Underlying Lawsuit. Therefore, the fourth *Eitel* factor favors default judgment.

### D. Possible Dispute Concerning Material Facts, Whether Default was Due to Excusable Neglect, and Policy Favoring a Decision on the Merits

As Defendant Schwarz has not participated in this litigation, there is no dispute of material fact, thus the fifth *Eitel* factor favors default judgment. Service of the Complaint and Summons was proper on Defendant Schwarz, (Doc. 10), and there is no indication that his failure to answer was due to excusable neglect. Therefore, the sixth *Eitel* factor also favors the entry of default judgment. The final factor typically disfavors default judgment given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The Court, however, is not precluded by this factor from entering default judgment against Defendant. *PepsiCo*, 238 F. Supp. 2d at 1177. Further, the Court accepts as true the well-pled factual allegations in the Complaint upon default. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). Taken together, the fifth, sixth, and seventh factors weigh in favor of default judgment.

### E. Conclusion

In sum, the *Eitel* factors favor default judgment. The Court concludes that default judgment against Defendant Schwarz is appropriate. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Entry of Default Judgment Against Defendant Louis Schwarz, (Doc. 16) is granted.

**IT IS FURTHER ORDERED** that (1) the claims against Defendant Schwarz in the Underlying Lawsuit are excluded from coverage under the Auto Insurance Policy, Policy Number F5345394 Plaintiff issued to Schwarz with effective dates of August 29,

2023, to August 29, 2024; (2) Plaintiff has no duty to defend or indemnify Schwarz in the Underlying Lawsuit under the Policy; and (3) Plaintiff may withdraw from the defense of Schwarz in the Underlying Lawsuit and has no further obligation of any kind to Schwarz in the Underlying Lawsuit.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

Dated this 9th day of July, 2025.

_____
Honorable Sharad H. Desai
United States District Judge